**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | | |
|---|---|---|---|
| BMO Bank N.A. | ) | | |
| Plaintiff | ) | Case No. | 25-cv-4166 |
| v. | ) | | |
| 9227-1741 Quebec Inc.; | ) | Hon. Franklin R. Valderrama | |
| Trivel Inc. | ) | | |
| Defendants | ) | | |

**JOINT INITIAL STATUS REPORT UNDER RULE 26(f)**

The parties have conferred as required by Rule 26(f), and jointly submit the following discovery plan. *See* Fed. R. Civ. P. 26(f)(2); Fed. R. Civ. P. 26(f)(3); Fed. R. Civ. P. 16(b). The parties understand that the Court will enter a scheduling order under Rule 16(b)(1), and that the Court will modify any such schedule "only for good cause." *See* Fed. R. Civ. P. 16(b)(4).

**I.    Nature of the Case**

    A.    Identify the attorneys of record for each party. Note the lead trial attorney and any local counsel.

For plaintiff: Adham Alaily, Egan & Alaily LLC, 20 S. Clark Street, Suite 2120, Chicago, IL 60603

For defendants: Daniel Press, Chung & Press, P.C., 6718 Whittier Avenue #200, McLean, VA 22101

    B.    State the basis for federal jurisdiction. If based on diversity, state the domicile of all parties. As a reminder, domicile is different than residence – the former is what counts for diversity purposes. *See Heinen v. Northrop Grumman Corp.*, 671 F.3d 669 (7th Cir. 2012).

If the basis of jurisdiction is diversity, please remember that a corporation is treated differently than an LLC/LLP. Please note two things. ***First***, if a party is a corporation, counsel must identify its place of incorporation and its principal place of business. ***Second***, if a party is a partnership or a limited liability company, counsel must identify the name and domicile(s) of each and every partner/member of each such entity. *See Belleville Catering Co. v. Champaign Market Place LLC*, 350 F.3d 691 (7th Cir. 2003); *Cosgrove v. Bartolotta*, 150 F.3d 729 (7th Cir. 1998); *Carden v. Arkoma Assoc.*, 494 U.S. 185 (1990). If any partners or members are themselves

1

partnerships or LLCs, the rule applies to their partners or members, too.

Diversity jurisdiction applies. Plaintiff is a national bank with its principal place of business in Chicago, Illinois. Defendants are corporations incorporated and with their principal place of business in Repentigny, Quebec, Canada.

C. Provide a short overview of the case in plain English (five sentences or less).

Plaintiff alleges that Defendant 9227-1741 Quebec Inc. overdrew its account. Plaintiff further alleges that Trivel Inc. knew overdraft and facilitated its occurrence.

D. Describe the claims asserted in the complaint and the counterclaims and/or third-party claims and/or affirmative defenses.

Claims are for breach of contract against 9227-1741 Quebec Inc. and tortious interference against Trivel Inc. The defendants asserted affirmative defenses that Plaintiff breached the account agreement (excusing defendant's performance) and that the complaint is barred against Trivel Inc. due to Trivel Inc.'s bankruptcy filing. Trivel also denies that it tortiously interfered with the contract.

E. What are the principal factual issues?

Whether 9227-1741 Quebec Inc. overdrew its account (i.e., whether the withdrawal was authorized), and whether it did so with Trivel Inc.'s knowledge or acquiescence.

F. What are the principal legal issues?

Whether Plaintiff is precluded from asserting its claim for allowing the overdraft to take place. Whether knowledge or acquiescence is sufficient to tortiously interfere with a contract.

G. What relief is the plaintiff(s) seeking? Quantify the damages, if any. (A ballpark estimate is acceptable – the purpose is simply to give the Court a feel for the case. This estimate will not be admissible.).

Repayment of the overdrawn amount - $370,748.59

H. Have all of the defendants been served, or waived service of process? If not, identify the defendants that have not received service.

Yes, both defendants have been served.

II. **Discovery**

A. Propose a discovery schedule. Include the following deadlines: (1) the mandatory

initial discovery responses; (2) any amendment to the pleadings to add new claims, or new parties; (3) service of process on any "John Doe" defendants; (4) the completion of fact discovery; (5) the disclosure of plaintiff's expert report(s); (6) the deposition of plaintiff's expert; (7) the disclosure of defendant's expert(s); (8) the deposition of defendant's expert; and (9) dispositive motions. **Fill in the blanks, below.**

| Event | Deadline |
|---|---|
| Initial Discovery Responses | 10/27/25 |
| Amendment to the pleadings | 11/10/25 |
| Service of process on any "John Does" | n/a |
| Completion of Fact Discovery | 1/12/26 |
| Disclosure of Plaintiff's Expert Report(s) | 2/9/26 |
| Deposition of Plaintiff's Expert | 3/9/26 |
| Disclosure of Defendant's Expert Report(s) | 4/13/26 |
| Deposition of Defendant's Expert | 5/11/26 |
| Dispositive Motions | 6/8/26 |

B. How many depositions do the parties expect to take?

3-4

C. Do the parties foresee any special issues during discovery?

Defendants' documents are primarily in French. Parties may need translation services.

D. Rule 26(f)(2) requires the parties to propose a discovery plan. *See* Fed. R. Civ. P. 26(f)(2). Rule 26(f)(3), in turn, provides that a "discovery plan must state the parties' views and proposals" on six different topics. *See* Fed. R. Civ. P. 26(f)(3). Have the parties discussed a discovery plan – including all of the topics – as required by Rule 26(f)(3)? Yes. If so, do the parties propose anything? Nothing other than the schedule set forth above.

3

        If the parties do make any proposals, be sure to include them in the proposed scheduling order that will be sent to Judge Seeger's proposed order inbox.

### III. Trial

    A.    Have any of the parties demanded a jury trial?

No.

    B.    Estimate the length of trial.

1-2 days.

### IV. Settlement, Referrals, and Consent

    A.    Have any settlement discussions taken place? If so, what is the status? Has the plaintiff made a written settlement demand? And if so, did the defendant respond in writing? (Do not provide any particulars of any demands or offers that have been made.)

No.

    B.    Do the parties request a settlement conference at this time before this Court or the Magistrate Judge?

No.

    C.    Have counsel informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment? Do all parties unanimously consent to that procedure? The Court strongly encourages parties to consent to the jurisdiction of the Magistrate Judge.

Yes, but no consent at this time.

### V. Other

    A.    Is there anything else that the plaintiff(s) wants the Court to know? (Please be brief.)

    B.    Is there anything else that the defendant(s) wants the Court to know? (Please be brief.)

| | |
|---|---|
| Respectfully submitted,<br>**BMO Bank N.A.**<br><u>By:</u> <u>*/s/ Adham Alaily*</u><br>Adham Alaily<br>ARDC: 6288925<br>Egan & Alaily LLC<br>20 S. Clark Street, Suite 2120<br>Chicago, IL 60603<br>Ph. # (312) 253-8640<br>Fax # (312) 253-8660<br>aalaily@ea-atty.com<br>Counsel for Plaintiff | Respectfully submitted,<br>**Trivel, Inc.**<br>**9227-1741 Quebec, Inc.**<br><u>By:</u> <u>*/s/ Daniel M. Press*</u><br>Daniel M. Press<br>VA Bar No. 37123<br>CHUNG & PRESS, P.C.<br>6718 Whittier Avenue, # 200<br>McLean, VA 22101<br>Ph. # 703-734-3800<br>Fax # 703-734-0590<br>dpress@chung-press.com<br>Counsel for Defendants |